### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LAVERN BERRYHILL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 11-324-FHS-SPS |
| ) | |
| **RANDALL WORKMAN, et al.,** ) | |
| ) | |
| Defendants, ) | |

### OPINION AND ORDER
### DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff Lavern Berryhill, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, has filed a motion for leave to proceed *in forma pauperis* in this civil rights action. A review of plaintiff's litigation history, however, indicates he has accumulated at least three prior civil rights actions that count as "strikes," pursuant to 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical harm.

28 U.S.C. § 1915(g).

In *Berryhill v. Poppell*, No. CIV-99-407-D (W.D. Okla. May 25, 1999), the United States District Court for the Western District of Oklahoma found that plaintiff had filed eleven previous lawsuits pursuant to 42 U.S.C. § 1983. *Id*., slip op. at 1. Three of the eleven cases were dismissed for failure to state a claim or as frivolous, and one of the dismissals was affirmed on appeal:

> *Berryhill v. Beckman*, No. CIV-85-1364-E, *aff'd*, No. 86-1533 (10th Cir. Oct. 22, 1986) (motion to dismiss under Rule 12(b)(6) and 28 U.S.C. § 1915(d) granted); *Berryhill v. Maynard*, No. CIV 88-1034-T (motion to dismiss under Rule 12(b)(6) and 28 U.S.C. § 1915(d) granted); and *Berryhill v. Faulk*, No. CIV-92-1705-T (dismissed upon filing for failure to state a claim).

*Berryhill v. Poppell*, No. CIV-99-407-D, slip op. at 2 n.1.

In addition, plaintiff has had at least four civil rights actions in this court that qualify as "strikes" under 28 U.S.C. § 1915(g), because the court found the cases were frivolous and malicious. *See Berryhill v. Evans*, No. CIV-10-126-RAW-SPS (E.D. Okla. June 14, 2010); *Berryhill v. Seay*, No. CIV-10-151-JHP (E.D. Okla. May 10, 2010); *Berryhill v. White*, No. CIV-10-176-JHP (E.D. Okla. June 7, 2010); and *Berryhill v. Payne*, No. CIV-10-188-JHP (E.D. Okla. June 14, 2010).

According to plaintiff's brief for his original complaint, he wrote a letter about a conspiracy to kill President Obama and his children, along with a letter to Oklahoma Governor Fallin about killing OSP staff. Following a federal investigation, he was placed in restrictive housing. When he was released from restrictive housing, certain defendants conspired to discontinue his prescription for "Celexus," causing him insomnia, nightmares, and the feeling he was "going crazy." Plaintiff threatened to hang himself, and one of the defendants allegedly told him to get a rope and do it. Plaintiff claims he grabbed a rope that was tied around a light fixture and stood on the toilet, but the two defendants in his cell left. He subsequently saw a doctor and received medication, but when he was moved to another cell, he refused to give the officers his handcuffs, because proper procedures were not being followed. One defendant then directed three other defendants to beat up plaintiff. After he was denied his blood pressure medication, his cell was stripped, and he was not fed lunch or dinner, plaintiff realized the defendants were trying to murder him. The warden decided to

move him to the medical unit, but he was assaulted again by one of the defendants.

Plaintiff alleges in his amended complaint[1] that one of the defendant staff members at his facility claims she has "extra human powers, that she can read minds, witness events that she did not see or have any knowledge of and that she have [sic] the superwoman human power to claim that doctors and nurses reports means [sic] things other than what they say." This defendant allegedly gave plaintiff a misconduct report that accused him of lying about being assaulted by officers.  Plaintiff asserts the defendants, all of whom are OSP staff members, have shown a malicious, deliberate indifference to his serious medical, physical, and mental needs.  He is requesting combined compensatory and punitive damages of six million dollars from each of the nine defendants.

Plaintiff alleges he is in imminent danger of serious physical harm, presumably because of an alleged ongoing conspiracy by the defendants.  After careful review of his motion and his amended complaint, however, the court finds he has not demonstrated he actually is in imminent danger of serious physical injury and that he qualifies for the exception in 28 U.S.C. § 1915(g).

**ACCORDINGLY,** plaintiff's motion for leave to proceed *in forma pauperis* [Docket No. 3] is DENIED.  Plaintiff is directed to forward the **$350.00** filing fee to the Court Clerk within twenty (20) days.  The agency having custody of plaintiff is ordered to release funds from plaintiff's accounts, including plaintiff's trust account, for payment of the filing fee.

---

[1] The court recognizes that "an amended complaint 'supercedes an original complaint and renders the original complaint without legal effect.'"  *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (quoting *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). The allegations in plaintiff's original complaint are set forth as background information.

Failure to pay the entire filing fee or to show cause for failure to pay the fee will result in dismissal of this action.

      IT IS SO ORDERED this 13th day of October, 2011.

                                        Frank H. Seay  
                                      United States District Judge